JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No.: | CV 20-02038-AB (SKx) | Date: | April 24, 2020 |
|---|---|---|---|

| Title: | Marcia Alane Young v. FCA US LLC |
|---|---|

| Present: The Honorable | **ANDRÉ BIROTTE JR., United States District Judge** |
|---|---|

| Carla Badirian | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Appearing | None Appearing |

**Proceedings:** [In Chambers] ORDER SUA SPONTE REMANDING ACTION

Before the Court is Plaintiff Marcia Alane Young's ("Plaintiff") Motion for Remand. ("Motion," Dkt. No. 9.) Defendant FCA US LLC ("Defendant") filed an opposition and Plaintiff filed a reply. However, upon review of the papers, the Court notes that it lacks jurisdiction on a basis not raised by the parties. The Court therefore **SUA SPONTE REMANDS** this action, and **DENIES THE MOTION AS MOOT**.

## I. BACKGROUND

Plaintiff alleges that she purchased a defective vehicle manufactured by Defendant. Her Complaint alleges six causes of action against Defendant: 1) Violation of California Civil Code Section 1793.2(d); 2) Violation of California Civil Code Section 1793.2(b); 3) Violation of California Civil Code Section 1793.2(a)(3); 4) Breach of Express Warranty; 5) Breach of the Implied Warranty of Merchantability; 6) Fraud by Omission. *See* Compl. (Dkt. 1-3). Plaintiff also asserts a cause of action for negligent repair against the servicing

dealership, Defendant DCH Chrysler Dodge Jeep Ram Fiat of Temecula ("DCH Chrysler"). *See* Compl. p. 13.

Defendant removed the action based on diversity jurisdiction, contending that the citizenship of DCH Chrysler, which is non-diverse from Plaintiff's citizenship, should be disregarded for diversity purposes because DCH was fraudulently joined. Plaintiff moves for remand on the ground that neither the amount in controversy is satisfied, nor is there complete diversity because Defendant has not proven Plaintiff's citizenship or that DCH is fraudulently joined. But the Court will not address the issues raised by the parties because Defendant has not established its own citizenship.

## II. LEGAL STANDARD

A defendant may remove a civil action filed in state court to federal court. 28 U.S.C. § 1441(a). The removal statute is strictly construed against removal. *Takeda v. Nw. Nat. Life Ins. Co.*, 765 F.2d 815, 818 (9th Cir. 1985). If any doubt exists as to the right of removal, federal jurisdiction must be rejected. *Gaus v. Miles, Inc.,* 980 F.2d. 564, 566-67 (9th Cir. 1992).

For an action based on diversity of citizenship, the parties must be citizens of different states and involves an amount in controversy over $75,000. 28 U.S.C. § 1332(a)(1).

## III. DISCUSSION

Defendant has not established complete diversity of citizenship. Setting aside the issues of whether Defendant has established Plaintiff's citizenship or that DCH Chrysler is fraudulently joined, Defendant has not adequately alleged its own citizenship. Defendant's Notice of Removal states that "FCA US . . . is a corporation organized under the laws of the State of Delaware with its principal place of business in Michigan." Notice of Removal ¶ 28. But Defendant's name—FCA US LLC—indicates that it is a limited liability company. The citizenship of a partnership or other unincorporated entity—such as a limited liability company—is the citizenship of its members. *See Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) ("[L]ike a partnership, an LLC is a citizen of every state of which its owners/members are citizens."). To properly plead diversity jurisdiction with respect to a limited liability company, the citizenship of all members must be pled. *NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606 (9th Cir.

2016). Because Defendant has not identified all of its members, or each member's citizenship, Defendant has not properly alleged its citizenship.

"Absent unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties." *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). This is particularly true for a removing defendant, who is presumed to know the facts surrounding its own citizenship. *See, e.g., Leon v. Gordon Trucking, Inc.*, 76 F. Supp. 3d 1055, 1063 (C.D. Cal. 2014) ("[A] corporate defendant, like any other, is presumed to know its own citizenship").

Defendant bears the heavy burden of establishing that removal was proper. Having failed to establish its own citizenship, Defendant necessary failed to establish complete diversity between the parties. The Court therefore remands this action.

## IV.   CONCLUSION

The Court **SUA SPONTE REMANDS** this action to the state court from which it was removed. Plaintiff's Motion for Remand is **DENIED AS MOOT**.

**IT IS SO ORDERED**.